IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | ) )<br>) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| | ) | **COMPLAINT** |
| v. | ) ) | |
| | ) | **JURY TRIAL DEMAND** |
| EAGLE ALLOYS, INC. d/b/a<br>AMERICAN EAGLE WHEEL and<br>AMERICAN EAGLE WHEEL<br>CORPORATION, | ) )<br>) )<br>) )<br>) ) | |
| Defendants. | ) )<br>) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Angelita Sanchez, who was adversely affected by such practices. Specifically, Plaintiff, the United States Equal Employment Opportunity Commission, alleges Defendants Eagle Alloys, Inc. d/b/a American Eagle Wheel and American Eagle Wheel Corporation discharged Angelita Sanchez in retaliation for opposing a practice which she reasonably believed was a violation of Title VII and for otherwise engaging in protected activity.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Rock Hill Division. The lawsuit is being filed in the Rock Hill Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Rock Hill Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("the Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Eagle Alloys, Inc. has continuously been a South Carolina corporation doing business in the State of South Carolina and the City of York, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Eagle Alloys, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant American Eagle Wheel Corporation has continuously been a California corporation doing business in the State of South Carolina and the City of York, and has continuously had at least 15 employees.

7.      At all relevant times, Defendant American Eagle Wheel Corporation has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8.      On information and belief, at all relevant times Defendants Eagle Alloys, Inc. and American Eagle Wheel Corporation have operated as an integrated business enterprise, or in the alternative as joint employers.

## STATEMENT OF CLAIMS

9.      More than thirty days prior to the institution of this lawsuit, Angelita Sanchez filed a charge of discrimination with the Commission alleging violations of Title VII by Defendants.  All conditions precedent to the institution of this lawsuit have been fulfilled.

10.     Since at least April 18, 2005, Defendants engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by discharging Angelita Sanchez in retaliation for her opposition to practices she reasonably believed to be declared unlawful by Title VII.

11.     The effect of the practices complained of in paragraph 10 above has been to deprive Angelita Sanchez of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to employment practices that she reasonably believed to be declared unlawful by Title VII.

12.     The unlawful employment practices complained of in paragraph 10 above were intentional.

13.     The unlawful employment practices complained of in paragraph 10 above were done with malice or with reckless indifference to the federally protected rights of Angelita Sanchez.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from discriminating against current or former employees based on their opposition to unlawful employment practices or employment practices which the employee reasonably believes to be declared unlawful by any statute enforced by the Commission.

B.     Order Defendants to make Angelita Sanchez whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraph 10 above, including but not limited to reinstatement of Ms. Sanchez or an award of front pay.

C.     Order Defendants to make Angelita Sanchez whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 10 above, including but not limited to job search expenses, in amounts to be determined at trial.

D.     Order Defendants to make Angelita Sanchez whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 10 above, including but not limited to emotional distress, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, in amounts to be determined at trial.

E.     Order Defendants to pay Angelita Sanchez punitive damages for their malicious and reckless conduct described in paragraph 10 above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 29th day of September 2006.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

KARA L. GIBBON HADEN
Senior Trial Attorney

  /s/  **Mary M. Ryerse**
MARY M. RYERSE (Federal Bar No. 9604)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Telephone:  704.344.6886
Facsimile:  704.344.6780
E-mail:     mary.ryerse@eeoc.gov

5