IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 0:06-cv-02742-JFA-BM |
| Plaintiff, | ) ) ) | CONSENT DECREE |
| v. | ) ) | |
| EAGLE ALLOYS, INC. d/b/a AMERICAN EAGLE WHEEL and AMERICAN EAGLE WHEEL CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) | |

  The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The Commission's Complaint alleged that Defendants Eagle Alloys, Inc. d/b/a American Eagle Wheel ("Eagle Alloys") and American Eagle Wheel Corporation (collectively, "Defendants") discharged Angelita Sanchez in retaliation for opposing a practice which she reasonably believed was a violation of Title VII and for otherwise engaging in protected activity.  Defendants filed an Answer denying that they engaged in the improper employment practices alleged in the Complaint.  Defendants do not admit that they have engaged in any improper conduct.

  The Commission and the Defendants hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

  The parties have advised this Court that they desire to resolve the allegations in the Commission's complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.     Defendants shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

2.     Defendants shall be jointly and severally liable for payment of all monetary sums set forth herein.

3.     Defendants shall pay Angelita Sanchez damages in the amount of Fifteen Thousand Dollars ($15,000) in full and complete settlement of all claims raised in this action. Defendants shall issue a Form 1099 to Ms. Sanchez for the aforementioned payment. Defendants shall make payment by issuing a check payable to Angelita Sanchez. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendants shall mail the check to Ms. Sanchez at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendants shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Ms. Sanchez.

4.      If either Defendant receives any inquiries regarding the employment of Ms. Sanchez, the Defendant will provide only dates of employment and position held, in accordance with existing company policy.

5.      Within ten (10) days of the entry of this decree by the Court, Defendants shall eliminate from the personnel file of Angelita Sanchez any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 14C-2005-02396, and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendants shall report compliance with this provision to the Commission.

6.      Within ninety (90) days of the entry of this decree by the Court, Defendants shall adopt, implement and distribute a formal, written anti-discrimination policy for its York, South Carolina facilities, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against retaliation, and procedures for complaining about and investigating complaints of discrimination.  Defendants shall distribute to each current employee of their York, South Carolina facilities a copy of the policy within the aforementioned ninety (90) day time period.  Within one hundred (100) days of the entry of this Decree, Defendants shall report compliance to the Commission.  During the term of this Decree, Defendants shall distribute the policy to all new employees of their York, South Carolina facilities and provide for review of the policy with all new employees of their York, South Carolina facilities at the time of hire.

7.      During the term of this Decree, Defendants shall post a copy of the policy described in paragraph 6, supra, in each York, South Carolina facility in a place where it is visible to employees.  Within one hundred (100) days after the Consent Decree is entered,

Defendants will post the policy and notify the Commission of the postings. If a policy becomes defaced or unreadable, Defendants shall replace it by posting another copy of the policy.

8. During the term of this Decree, Defendants shall provide an annual training program to all of the managers, supervisors and employees of their York, South Carolina facilities. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against retaliation in the workplace. Each training program shall also include an explanation of the policy referenced in paragraph 6, supra, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred and twenty (120) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. Within twenty (20) days after completion of each training program, Defendants shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendants shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in each of their York, South Carolina facilities in a place where it is visible to employees. If a Notice becomes defaced or unreadable, Defendants shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendants shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendants shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

A. The identities of all applicants for employment at Defendants' York, South Carolina facilities or employees of such facilities who, during their employment, have opposed any practice made unlawful under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, position, and social security number;

B. For each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

C. For each individual whose employment status has changed as identified in 10.B. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendants shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendants' York, South Carolina facilities, interview employees and examine and copy documents.

12. If anytime during the term of this Decree, the Commission believes that a Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to that Defendant. The Defendant believed to be in violation shall have fifteen (15) days in which to investigate and respond to the allegations. Thereafter, the Commission and the Defendant shall have a period of fifteen (15) days or such additional period as may be agreed

upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for three (3) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendants pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202. The Commission agrees that any and all reports or other documents required by this Decree to be sent to the Commission by Defendants may be sent by one Defendant on behalf of both Defendants.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of three (3) years without further action by the parties.

IT IS SO ORDERED.

October 3, 2007                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                                 United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

Dated this 3rd day of October, 2007

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | EAGLE ALLOYS, INC. d/b/a AMERICAN EAGLE WHEEL and AMERICAN EAGLE WHEEL CORPORATION, Defendants |
|---|---|

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

Admitted *pro hac vice*:
KARA L. GIBBON HADEN
Senior Trial Attorney (NC Bar 26192)
Email: kara.haden@eeoc.gov
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:     704.344.6887
Facsimile:     704.344.6780

   s/ Mary M. Ryerse
MARY M. RYERSE
Trial Attorney (Bar No. 9604)
Email:  mary.ryerse@eeoc.gov
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:     704.344.6886
Facsimile:     704.344.6780

EAGLE ALLOYS, INC. d/b/a AMERICAN EAGLE WHEEL and AMERICAN EAGLE WHEEL CORPORATION, Defendants

   s/ Stacy K. Wood
STACY K. WOOD (Bar No. 9085)
PARKER, POE, ADAMS
& BERNSTEIN L.L.P.
Email: stacywood@parkerpoe.com
Three Wachovia Center
401 South Tryon Street, Suite 3000
Charlotte, N.C. 28202-1935
Telephone:     704.335.9844
Facsimile:     704.335.9698

7

**Exhibit A**



1. This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Eagle Alloys, Inc. d/b/a American Eagle Wheel and American Eagle Wheel Corporation.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Eagle Alloys, Inc. d/b/a American Eagle Wheel and American Eagle Wheel Corporation support and will comply with such federal laws in all respects. Furthermore, Eagle Alloys, Inc. d/b/a American Eagle Wheel and American Eagle Wheel Corporation will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

   An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

   Equal Employment Opportunity Commission
   1801 L Street, N.W.
   Washington, DC 20507
   TEL: 1-800-669-4000
   TTY: 1-800-669-6820

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2010.